Ms. Glenda Beatty Administrative Assistant Office of Systems Technology Slot N101 617 Main Street Little Rock, AR 72201
Dear Ms. Beatty:
You have requested an Attorney General opinion, pursuant to A.C.A. §25-19-105(c)(3)(B), a section of the Arkansas Freedom of Information Act (A.C.A. § 25-19-101 et seq.) (FOIA), concerning the release of certain records.
You state that a request has been presented to the DHS office of Systems Technology for your personnel records. It is my understanding that the custodian of the records has informed you that the records will be released, with your social security number, home address, and telephone number redacted. You state that you object to the disclosure of your personnel records, on the grounds that you believe that such disclosure would constitute an invasion of your privacy. As support for this view, you explain that several employees filed grievances in connection with a reduction in forces. You were not affected by this reduction in forces, nor have you been the subject of any of the grievances. Accordingly, you believe that the disclosure of your records is not justified and would invade your privacy.
I am directed by law to issue an opinion as to whether the custodian's determination concerning the release of your records is consistent with the FOIA. A.C.A. § 25-19-105(c)(3)(B).
RESPONSE
It is my opinion that the propriety of the custodian's determination will depend upon the nature of the records contained in your personnel file. I have not been provided with these records and therefore cannot opine definitively as to whether any particular record should be released. Nevertheless, I will set forth the standards for the release of records that are normally contained in a personnel file.
Personnel files usually contain two types of records: "personnel records" and "employee evaluation/job performance records." It is important to distinguish between these two types of records, because they are subject to different standards for release, under the FOIA.
"Personnel Records"
Records that constitute "personnel records" are any records other than employee evaluation/job performance records that relate to the individual employee. Ops. Att'y Gen. Nos. 2001-154; 99-147, citing Watkins, TheArkansas Freedom of Information Act (m m Press, 3rd Ed., 1998) at 134. Under the FOIA, "personnel records" must be released unless their release would constitute a "clearly unwarranted invasion of [the employee's] personal privacy." A.C.A. § 25-19-105(b)(12).
The FOIA does not define the phrase "clearly unwarranted invasion of personal privacy." However, the Arkansas Supreme Court has construed the phrase. In determining which disclosures constitute a "clearly unwarranted invasion of personal privacy," the court applies a balancing test. The court will weigh the interest of the public in accessing the records against the individual's interest in keeping the records private. SeeYoung v. Rice, 308 Ark. 593, 826 S.W.2d 252 (1992). If the public's interest outweighs the individual's interest, the release of the records will not constitute a "clearly unwarranted invasion of personal privacy." The court has found that the employee's interest outweighs the public's interest only in cases where the record reveals the intimate details of a person's life, including any information that might subject the person to embarrassment, harassment, disgrace, or loss of employment or friends.Id. The question of whether the release of a particular personnel record would constitute a clearly unwarranted invasion of personal privacy is always a question of fact. Ops. Att'y Gen. Nos. 2001-101; 98-001.
Some courts have found the following types of information in personnel records to be exempt from public disclosure: Personal histories; religious affiliations of employees, Church of Scientology v. Departmentof Defense, 611 F.2d 738 (9th Cir. 1979); citizenship, United StatesDepartment of State v. Washington Post Co., 456 U.S. 595 (1982); marital status, Simpson v. Vance, 648 F.2d 10 (D.C. Cir. 1980); social security numbers, Swisher v. Dept. of the Air Force, 660 F.2d 369 (5th Cir. 1981); information about family life, Providence Journal Co. v. F.B.I.,460 F. Supp. 778, reversed on distinct grounds, 602 F.2d 1010 (1st Cir. 1979); information regarding welfare payments, legitimacy of children, family rights, and alcohol consumption, Rural Housing Alliance v.Department of Agriculture, 498 F.2d 73 (D.C. Cir. 1974).
In contrast, the courts have found relatively little privacy interest in records revealing names, date and place of birth, salaries of public employees, training or education background, and work experience. Kruzonv. Department of Health Human Services, 649 F.2d 65 (1st Cir. 1981) and Simpson v. Vance, 648 F.2d 10 (D.C. Cir. 1980).
If any of the "personnel records" in your file are of such a nature that their release, as a factual matter, would constitute a clearly unwarranted invasion of your personal privacy under the foregoing standard, they can be withheld from disclosure. If they do not meet this standard, however, they must be disclosed.
"Employee Evaluation/Job Performance Records"
Records that constitute "employee evaluation/job performance records" are any records that are generated by or at the behest of the employer and that detail the employee's performance or lack of performance on the job. Ops. Att'y Gen. Nos. 2001-154; 96-132; 91-324. Employee evaluation/job performance records may be released if the following conditions have been met:
(1) The employee has been suspended or terminated;
 (2) There has been a final administrative resolution of that suspension or termination;
(3) The records formed a basis for the suspension or termination; and
(4) There is a compelling public interest in the records.
A.C.A. § 25-19-105(c)(1).
If you have not been suspended or terminated, the "employee evaluation/job performance records" in your file cannot be released.
If you have been suspended or terminated, the remaining factors, which are all questions of fact, must be considered. Factors Nos. 2 and 3 are readily determinable. Factor No. 4, however (i.e., the question of whether there is compelling public interest in your employee evaluation/job performance records), presents more difficulty. The question of whether there is a "compelling public interest" in the release of particular records will depend upon all of the facts and circumstances attendant to the particular case. Professor John Watkins, a commentator on the Arkansas Freedom of Information Act, has provided some guidelines for determining whether such an interest exists. He states: "The nature of the problem that led to the suspension or termination will undoubtedly bear on the `compelling public interest' question. . . ." Watkins, The Arkansas Freedom of Information Act, 3rd Ed., at 146. Professor Watkins also points out: "The public's interest in disclosure is most likely to be compelling when the records reflect a breach of trust or illegal conduct by public employees. . . . However, the mere fact that an employee has been suspended or terminated does not mean that the records should be made public; if that were the case, the `compelling public interest' phrase would be a redundancy. . . ." Watkins, Id. at 145-46. In this regard, Professor Watkins also states: "A general interest in the performance of public employees should not be considered compelling, for that concern is, at least theoretically, always present." Watkins, Id. at 147. Professor Watkins also notes that the status of the employee, or "his rank within the bureaucratic hierarchy," may also be relevant in determining whether a "compelling public interest" exists. Watkins, Id. at 146-47 (noting that "[a]s a practical matter, such an interest is more likely to be present when a high-level employee is involved than when the [records] of `rank-and-file' workers are at issue.") Again, the determination of whether there is a compelling public interest in your evaluation records will not arise if you have not been suspended or terminated.
The foregoing are the standards that must be applied in determining whether the records in your personnel file should be released.
It should be noted that even if a particular record is releasable, any exempt items of information contained in that record should be redacted before the record is released. For example, your social security number and your home address should be redacted. See 5 U.S.C. § 552a, note; A.C.A. § 25-19-105(b)(13).
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General